UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MEGAN SNEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| CONSOLIDATED CITY OF | ) | CASE NO. 1:23-cv-395 |
| INDIANAPOLIS AND MARION | ) | |
| COUNTY, | ) | |
| KAYLEN TRUAX, | ) | |
| AREC RW MS, LLC d/b/a U-HAUL | ) | |
| MOVING AND STORAGE, and | ) | |
| MATTHEW WINKLER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Megan Snead, by counsel, by counsel, David T. Page and

Christie Farrell Lee & Bell, and for her Complaint for Damages against the Defendants,

Consolidated City of Indianapolis and Marion County ("City of Indianapolis"), Kaylen Truax,

AREC RW MS, LLC ("AREC") doing business as U-Haul Moving and Storage ("U-Haul") and

Matthew Winkler ("Winkler"), demands a trial by jury and alleges and assets that:

## FACTS COMMON TO ALL COUNTS

1.     This action arises from personal injuries sustained by the Plaintiff, Megan Snead,

and is asserted under the laws of the State of Indiana and under the provisions of the United States

Civil Rights Act, Title 42 United States Code § 1983 (42 U.S.C.A. § 1983).

2.     This Court has jurisdiction over the parties and the subject matter.

3.     At all times referenced herein, the Plaintiff, Megan Snead, was and is a resident of

the city of Greenwood, County of Johnson, State of Indiana.

4.      The City of Indianapolis is incorporated under the laws of the State of Indiana and is located in Marion County, Indiana.

5.      The City of Indianapolis operates and controls the Indianapolis Metropolitan Police Department ("IMPD") for the purpose of providing law enforcement, public safety and protection for the citizens of Indianapolis, its residents, visitors and inhabitants.

6.      At all times referenced herein, Truax was and is a law enforcement officer employed by IMPD.  Traux is being sued in her individual and official capacity.

7.      At all times referenced herein, Truax was and is a resident of Marion County, Indiana.

8.      At all times referenced herein, AREC was and is a corporation duly organized and operated under the laws of the State of Arizona, with its principal place of business being located at 2727 North Central Avenue, Phoenix, Arizona 85004.

9.      At all times referenced herein, AREC was and is doing business in the State of Indiana through a subsidiary or franchise known as U-Haul Moving and Storage.

10.      At all times referenced herein, U-Haul was and is doing business at 4011 S. East Street, Indianapolis, Indiana 46227.

11.      At all times referenced herein, U-Haul was and is in the business of owning, storing and renting commercial vans, trucks, pickups and other vehicles to the public.

12.      At all times referenced herein, Winkler, was a resident of Johnson County, Indiana, but is currently incarcerated in the Plainfield Correctional Facility.

13.      At all times referenced herein, there was and is a public roadway located in Marion Count, Indiana known as Troy Avenue, which runs generally in an Easterly and Westerly direction.

14.     At all times referenced herein, there was and is a public roadway located in Marion County, Indiana known as Bluff Road, which runs generally in a Northerly and Southerly direction.

15.     At all times referenced herein, there was an is an intersection in Marion County, Indiana wherein Troy Avenue intersects with and crosses Bluff Road.

16.     At all times referenced herein, there were and are traffic control signals and devices located at the intersection of Troy Avenue and Bluff Road which control the flow of traffic in all directions approaching that intersection.

17.     On or about June 9, 2021, at approximately 9:08 p.m., Truax was on duty with IMPD patrolling the South side of Indianapolis.

18.     At that time, Truax observed a U-Haul box truck bearing license plate number AL05673.

19.     Due to a conversation she had earlier that day with Officer P. Tieken of IMPD, Truax knew the U-Haul box truck had been reported stolen from the U-Haul location at 4011 S. East Street in Indianapolis, Indiana under case number IP210057945.

20.      Upon observing the U-Haul box truck, Truax initiated her lights and sirens from her fully marked IMPD police vehicle.

21.     The U-Haul box truck was being driven by Winkler.

22.     After Truax initiated her lights and sirens, Winkler fled westbound on Troy Avenue in the U-Haul box truck.

23.     Truax gave chase ("the chase") after Winkler at a high rate of speed.

24.     As Truax approached the intersection of Troy Avenue and Bluff Road, she entered the intersection at a high rate of speed.

25.     Plaintiff, Megan Snead, was travelling South on Bluff Road at the same time.

26. Plaintiff, Megan Snead, entered the intersection of Troy Avenue and Bluff Road with a green light, giving her the right of way.

27. As Plaintiff entered the intersection, Truax collided with Plaintiff's vehicle at a high rate of speed.

28. Both the Plaintiff and Truax suffered severe and significant injuries from the force of the impact of the collision.

29. Shortly after the collision, Winkler was located nearby and arrested.

30. Following the collision, a representative of the U-Haul location at 4011 S. East Street, Indianapolis, Indiana 46227 was interviewed by Russ McQuaid, a news reporter with local news affiliate FOX59 regarding the incident.

31. The U-Haul representative admitted to Russ McQuaid that more than a half-dozen trucks had been stolen from the business, often by burglars, within the month prior to the collision.

32. In commenting on these incidents, the U-Haul representative told Russ McQuaid that the thieves were a "bunch of junkies stealing vehicles, going around breaking things, joyriding."

33. In fact, in the year prior to June 9, 2021, approximately 50 vehicle thefts had occurred at the U-Haul location at 4011 S. East Street.

34. Prior to the filing of this Complaint, the City of Indianapolis and IMPD were both served with Plaintiff's Tort Claim Notice in a timely manner.

## COUNT I – 42 U.S.CA. § 1983

Comes now the Plaintiff, Megan Snead, by counsel, and for Count I of her Complaint for Damages against the Defendants, City of Indianapolis and Kaylen Truax, alleges and asserts that:

35.    Plaintiff incorporates by reference, as if fully stated herein, paragraphs 1 through 34 of Plaintiff's Complaint.

36.    At the time of the collision with the Plaintiff on June 9, 2021, Truax, as an IMPD Officer, was acting under the color of State law.

37.    When Truax initiated the high-speed chase which ended in a collision with the Plaintiff, Truax engaged in conduct which shocks the conscience, shows evidence of a callous disregard for public safety, and constitutes deliberate indifference.

38.    In causing the collision, Truax deprived the Plaintiff of her rights, privileges and immunities secured by the Fourteenth Amendment to the Constitution of the United States of America and pursuant to Federal law.

39.    The policies, procedures and customs of the City of Indianapolis led to, permitted, and countenanced the chase, collision, and violations of the Plaintiff's constitutional rights.

40.    The failure of the City of Indianapolis to follow and enforce internal policies and procedures deprived the Plaintiff of her constitutional and federal rights under 42 U.S.C. § 1983.

41.    The City of Indianapolis' General Order 4.12, and its policies, practices and/or customs, caused the constitutional violations of Truax.

42.    The City of Indianapolis failed to institute, maintain, and enforce proper procedures for training its officers on high-speed chases, monitoring high-speed chases, and appropriately disciplining its employees regarding high-speed chases, which constitute a willful and deliberate disregard of the serious risk of significant harm to members of the public.

43.    The City of Indianapolis has a custom and practice of engaging a substantially greater number of pursuits than similarly sized departments in other cities and states.

44.    The City of Indianapolis failed to properly supervise the chase.

45.    The City of Indianapolis failed to properly terminate the chase prior to the collision.

46.    As a direct and proximate result of Truax's unconstitutional acts and unlawful conduct, the Plaintiff was severely injured, including but not limited to, a shattered pelvis, fractured ribs, injured spleen, renal hematoma, adrenal hematoma, traumatic brain injury, a dissection and aneurysm of the carotid artery, and, among other things, numerous cuts, bruises and lacerations over her entire body.

47.    All of said injuries are permanent except for those which are superficial in nature.

48.    As a result of her injuries and their effect, the Plaintiff, in order to treat her injuries and to lessen her pain and suffering, has been required to engage the services of hospitals, physicians, therapists, and medical technicians for extensive medical care and treatment, and medication, and may require additional medical care and treatment in the future.

49.    As a result of her injuries and their effect, the Plaintiff has incurred reasonable medical expenses for medical care and treatment and may incur additional medical expenses in the future.

50.    As a result of her injuries and their effect, the Plaintiff has experienced severe mental and emotional distress, and will incur severe mental and emotional distress in the future.

51.    As a result of her injuries and their effect, the Plaintiff, has been forced to restrict her daily activities and travel, has suffered a loss of enjoyment of life, and may incur similar restrictions and damages in the future.

52.    As a result of her injuries and their effect, the Plaintiff has sustained economic injuries and damages, including but not limited to lost wages, a diminished earning capacity, and future lost wages

WHEREFORE, the Plaintiff, Megan Snead, by counsel, prays for a judgment as to Count I of her Complaint against the Defendants, City of Indianapolis and Kaylen Truax, in an amount commensurate with her injuries and damages, for punitive damages, and for all other just and proper relief in the premises.

## COUNT II – NEGLIGENCE OF KAYLEN TRUAX

Comes now the Plaintiff, Megan Snead, by counsel, and for Count II of her Complaint for Damages against the Defendant, Kaylen Truax, and alleges and asserts that:

53.    Plaintiff incorporates by reference, as if fully stated herein, paragraphs 1 through 52 of Plaintiff's Complaint.

54.    On June 9, 2021, as Plaintiff was traveling South on Bluff Road, and entered the intersection with Troy Avenue, Truax recklessly, carelessly, negligently, and without warning, drove her police vehicle through a red light at a high rate of speed and hit the Plaintiff's vehicle in the driver's side.

55.    The aforementioned collision was directly and proximately caused by the carelessness and negligence of the Defendant, Truax, including but not limited to one or more of the following respects:

a.    The Defendant carelessly and negligently proceeded at the wheel of her vehicle;

b.    The Defendant carelessly and negligently failed to keep her vehicle under proper control;

c.    The Defendant carelessly and negligently failed to change, alter or divert the course of her vehicle so as to avoid the collision;

d.    The Defendant carelessly and negligently failed to apply the brakes of her vehicle in time to avoid a collision;

e.     The Defendant carelessly and negligently operated her vehicle at a dangerous and unreasonable speed under the circumstances; and

f.     The Defendant carelessly and negligently failed to keep a proper lookout.

56.     As a direct and proximate result of Truax's negligence, the Plaintiff was severely injured, including but not limited to, a shattered pelvis, fractured ribs, injured spleen, renal hematoma, adrenal hematoma, traumatic brain injury, a dissection and aneurysm of the carotid artery, and, among other things, numerous cuts, bruises and lacerations over her entire body.

57.     All of said injuries are permanent except for those which are superficial in nature.

58.     As a result of her injuries and their effect, the Plaintiff, in order to treat her injuries and to lessen her pain and suffering, has been required to engage the services of hospitals, physicians, therapists, and medical technicians for extensive medical care and treatment, and medication, and may require additional medical care and treatment in the future.

59.     As a result of her injuries and their effect, the Plaintiff has incurred reasonable medical expenses for medical care and treatment and may incur additional medical expenses in the future.

60.     As a result of her injuries and their effect, the Plaintiff has experienced severe mental and emotional distress, and will incur severe mental and emotional distress in the future.

61.     As a result of her injuries and their effect, the Plaintiff, has been forced to restrict her daily activities and travel, has suffered a loss of enjoyment of life, and may incur similar restrictions and damages in the future.

62.     As a result of her injuries and their effect, the Plaintiff has sustained economic injuries and damages, including but not limited to lost wages, a diminished earning capacity, and future lost wages.

WHEREFORE, the Plaintiff, Megan Snead, by counsel, prays for a judgment as to Count II of her Complaint against the Defendant, Kaylen Truax, in an amount commensurate with her injuries and damages, for punitive damages, and for all other just and proper relief in the premises.

## COUNT III – NEGLIGENCE PER SE OF KAYLEN TRUAX

Comes now the Plaintiff, Megan Snead, by counsel, and for Count III of her Complaint for Damages against the Defendant, Kaylen Truax, and alleges and asserts that:

63.    Plaintiff incorporates by reference, as if fully stated herein, paragraphs 1 through 62 of Plaintiff's Complaint.

64.    On June 9, 2021, as Plaintiff was traveling South on Bluff Road, and entered the intersection with Troy Avenue, Truax recklessly, carelessly, negligently, and without warning, drove her police vehicle through a red light at a high rate of speed and hit the Plaintiff's vehicle in the driver's side.

65.    At the time of the collision, the actions of Truax, as the operator of an authorized emergency vehicle, were governed by the rules and regulations established under Indiana Code § 9-21-1-8.

66.    Pursuant to Indiana Code § 9-21-1-8(b)(2), Truax may "[p]roceed past a red or stop signal, but only after slowing down as necessary for safe operation."

67.    Truax ran the red light and failed to slow down at the intersection of Troy Avenue and Bluff Road when she struck the Plaintiff, all in violation of Indiana Code § 9-21-1-8(a)(2).

68.    Pursuant to Indiana Code § 9-21-1-8(b)(3), Truax may "[e]xceed the maximum speed limits if the person who drives the vehicle does not endanger life or property."

69.    Truax exceeded the maximum speed limits for Troy Avenue prior to striking the Plaintiff's vehicle, and endangered the Plaintiff's life and property, all in violation of Indiana Code § 9-21-1-8(a)(3).

70.    Pursuant to Indiana Code § 9-21-1-8(d), as it applies to the actions of Truax on June 9, 2021, the language in the statute "does not do the following: (1) Relieve the person who drives an emergency vehicle from the duty to drive with due regard for the safety of all persons," and "(2) Protect the person who drives an authorized emergency vehicle from the consequences of the person's reckless disregard for the safety of others."

71.    When Truax caused the collision with the Plaintiff on June 9, 2021, she did so without any due regard for the Plaintiff's safety, or other motorists who might have been on the roadway at that time, all in violation of Indiana Code § 9-21-1-8.

72.    As such, in violating the language and terms of Indiana Code § 9-21-1-8, when Truax caused the collision with the Plaintiff on June 9, 2021, the Defendant was negligent *per se.*

73.    The aforementioned collision was directly and proximately caused by the carelessness and negligence of the Defendant, Truax, including but not limited to one or more of the following respects:

a.    The Defendant carelessly and negligently proceeded at the wheel of her vehicle;

b.    The Defendant carelessly and negligently failed to keep her vehicle under proper control;

c.    The Defendant carelessly and negligently failed to change, alter or divert the course of her vehicle so as to avoid the collision;

d.    The Defendant carelessly and negligently failed to apply the brakes of her vehicle in time to avoid a collision;

e.      The Defendant carelessly and negligently operated her vehicle at a dangerous and unreasonable speed under the circumstances;

f.      The Defendant carelessly and negligently failed to keep a proper lookout.

74.    As a direct and proximate result of Truax's negligence, the Plaintiff was severely injured, including but not limited to, a shattered pelvis, fractured ribs, injured spleen, renal hematoma, adrenal hematoma, traumatic brain injury, a dissection and aneurysm of the carotid artery, and, among other things, numerous cuts, bruises and lacerations over her entire body.

75.    All of said injuries are permanent except for those which are superficial in nature.

76.    As a result of her injuries and their effect, the Plaintiff, in order to treat her injuries and to lessen her pain and suffering, has been required to engage the services of hospitals, physicians, therapists, and medical technicians for extensive medical care and treatment, and medication, and may require additional medical care and treatment in the future.

77.    As a result of her injuries and their effect, the Plaintiff has incurred reasonable medical expenses for medical care and treatment and may incur additional medical expenses in the future.

78.    As a result of her injuries and their effect, the Plaintiff has experienced severe mental and emotional distress, and will incur severe mental and emotional distress in the future.

79.    As a result of her injuries and their effect, the Plaintiff, has been forced to restrict her daily activities and travel, has suffered a loss of enjoyment of life, and may incur similar restrictions and damages in the future.

80.    As a result of her injuries and their effect, the Plaintiff has sustained economic injuries and damages, including but not limited to lost wages, a diminished earning capacity, and future lost wages.

WHEREFORE, the Plaintiff, Megan Snead, by counsel, prays for a judgment as to Count III of her Complaint against the Defendant, Kaylen Truax, in an amount commensurate with her injuries and damages, for punitive damages, and for all other just and proper relief in the premises.

## COUNT IV – *RESPONDEAT SUPERIOR*

Comes now the Plaintiff, Megan Snead, by counsel, and for Count IV of her Complaint for Damages against the Defendants, City of Indianapolis,  and Kaylen Truax, and alleges and asserts that:

81.    Plaintiff incorporates by reference, as if fully stated herein, paragraphs 1 through 80 of Plaintiff's Complaint.

82.    At the time of the collision on June 9, 2021, Truax was acting within the course and scope of her employment with IMPD as a law enforcement officer.

83.    When she initiated the high-speed chase of Winkler in the stolen U-Haul box truck, Truax was acting for the benefit of IMPD as one of its law enforcement officers.

84.    Under the legal theory of *Respondeat Superior*, IMPD, and by extension, the City of Indianapolis, is vicariously liable for all of the acts of its employee, Truax, which were committed within the course and scope of her employment with IMPD.

85.    As such, as a direct and proximate result of the actions of its employee, Truax, in causing the collision with Plaintiff on June 9, 2021, the City of Indianapolis is responsible and liable for the Plaintiff's injuries incurred as a result of that collision.

86.    As a direct and proximate result of Truax's actions, the Plaintiff was severely injured, including but not limited to, a shattered pelvis, fractured ribs, injured spleen, renal hematoma, adrenal hematoma, traumatic brain injury, a dissection and aneurysm of the carotid artery, and, among other things, numerous cuts, bruises and lacerations over her entire body.

87.    All of said injuries are permanent except for those which are superficial in nature.

88.    As a result of her injuries and their effect, the Plaintiff, in order to treat her injuries and to lessen her pain and suffering, has been required to engage the services of hospitals, physicians, therapists, and medical technicians for extensive medical care and treatment, and medication, and may require additional medical care and treatment in the future.

89.    As a result of her injuries and their effect, the Plaintiff has incurred reasonable medical expenses for medical care and treatment and may incur additional medical expenses in the future.

90.    As a result of her injuries and their effect, the Plaintiff has experienced severe mental and emotional distress, and will incur severe mental and emotional distress in the future.

91.    As a result of her injuries and their effect, the Plaintiff, has been forced to restrict her daily activities and travel, has suffered a loss of enjoyment of life, and may incur similar restrictions and damages in the future.

92.    As a result of her injuries and their effect, the Plaintiff has sustained economic injuries and damages, including but not limited to lost wages, a diminished earning capacity, and future lost wages.

WHEREFORE, the Plaintiff, Megan Snead, by counsel, prays for a judgment as to Count IV of her Complaint against the Defendants, City of Indianapolis, Indianapolis Metropolitan Police Department, and Kaylen Truax, in an amount commensurate with her injuries and damages, for punitive damages, and for all other just and proper relief in the premises.

## **COUNT V – FAILURE TO TRAIN AND SUPERVISE**

Comes now the Plaintiff, Megan Snead, by counsel, and for Count V of her Complaint for Damages against the Defendants, City of Indianapolis and the Indianapolis Metropolitan Police Department, and alleges and asserts that:

93.     Plaintiff incorporates by reference, as if fully stated herein, paragraphs 1 through 92 of Plaintiff's Complaint.

94.      The policies, procedures, and customs of IMPD govern the rules and regulations for law enforcement officers engaged in high-speed chases when acting within and during the course and scope of their employment.

95.     The City of Indianapolis is responsible for the policies, procedures, and customs of IMPD because it operates and controls IMPD.

96.     The failure of the City of Indianapolis to follow and enforce its own internal policies and procedures led to and caused the dangerous high-speed chase which caused the Plaintiff to be injured.

97.     In doing so, the City of Indianapolis and IMPD failed to properly train Truax as to the policies, procedures and customs of IMPD as to appropriate conduct in initiating and pursuing suspects during a high-speed chase.

98.     In addition, the City of Indianapolis and IMPD failed to properly supervise Truax to ensure that she was properly following the policies, procedures and customs of IMPD with respect to when and how IMPD law enforcement officers were to conduct high-speed chases within and during the course and scope her employment.

99.     As such, as a direct and proximate result of the failure of IMPD and the City of Indianapolis to properly train and supervise Truax, IMPD and the City of Indianapolis, are

responsible and liable for the Plaintiff's injuries incurred as a result of the collision with Truax on June 9, 2021.

100.    As a direct and proximate result of the actions of IMPD and the City of Indianapolis, the Plaintiff was severely injured, including but not limited to, a shattered pelvis, fractured ribs, injured spleen, renal hematoma, adrenal hematoma, traumatic brain injury, a dissection and aneurysm of the carotid artery, and, among other things, numerous cuts, bruises and lacerations over her entire body.

101.    All of said injuries are permanent except for those which are superficial in nature.

102.    As a result of her injuries and their effect, the Plaintiff, in order to treat her injuries and to lessen her pain and suffering, has been required to engage the services of hospitals, physicians, therapists, and medical technicians for extensive medical care and treatment, and medication, and may require additional medical care and treatment in the future.

103.    As a result of her injuries and their effect, the Plaintiff has incurred reasonable medical expenses for medical care and treatment and may incur additional medical expenses in the future.

104.    As a result of her injuries and their effect, the Plaintiff has experienced severe mental and emotional distress, and will incur severe mental and emotional distress in the future.

105.    As a result of her injuries and their effect, the Plaintiff, has been forced to restrict her daily activities and travel, has suffered a loss of enjoyment of life, and may incur similar restrictions and damages in the future.

106.    As a result of her injuries and their effect, the Plaintiff has sustained economic injuries and damages, including but not limited to lost wages, a diminished earning capacity, and future lost wages.

WHEREFORE, the Plaintiff, Megan Snead, by counsel, prays for a judgment as to Count V of her Complaint against the Defendants, City of Indianapolis, Indianapolis Metropolitan Police Department, and Kaylen Truax, in an amount commensurate with her injuries and damages, for punitive damages, and for all other just and proper relief in the premises.

## <u>COUNT VI – NEGLIGENCE – U-HAUL</u>

Comes now the Plaintiff, Megan Snead, by counsel, and for Count VI of her Complaint for Damages against the Defendant, AREC, and alleges and asserts that:

107.    Plaintiff incorporates by reference, as if fully stated herein, paragraphs 1 through 106 of Plaintiff's Complaint.

108.    On or about June 9, 2021, U-Haul knew or should have known that its trucks, vans and pickup trucks were unsecure on the property at 4011 S. East Street, Indianapolis, Indiana.

109.    Due to the approximately 50 incidents of theft of its vehicles in the year prior to June 9, 2021, U-Haul knew or should have known that another theft of a vehicle on its property was foreseeable.

110.    Due to the overwhelming number of prior incidents in which its vehicles were stolen and then used for criminal activity, U-Haul knew or should have known that any vehicles stolen from its property were likely to be used in the commission of criminal activity.

111.    In the year prior to June 9, 2021, U-Haul recklessly and negligently failed to secure its vehicles against incidents of theft, and their use in the commission of criminal acts, including recklessly and negligently preventing the the theft of the vehicle which was involved in the high-speed chase which caused the collision involving the Plaintiff.

112.    Based on the sheer number of the prior thefts of U-Haul's vehicles, and the subsequent criminal acts involving the use of its stolen vehicles, U-Haul knew or should have known that its vehicles would attract thieves intended to use their vehicles for illegal purposes.

113.    Based upon this knowledge, U-Haul was under a duty to the general public to provide additional security measures to prevent theft of its trucks, vans and pickup trucks on its property or during the use of said vehicles by its customers.

114.    Yet, on or about June 9, 2021, U-Haul made a report to IMPD that, once again, one of its vehicles had been stolen.

115.    This stolen U-Haul vehicle was one and the same vehicle being pursued by Truax at the time she collided with the Plaintiff in a high-speed pursuit of the stolen vehicle.

116.    As such, based on the prior incidents of theft of its vehicles, the use of those vehicles in prior criminal activity, and the ease with which its vehicles can be stolen, the harm that gave rise to this action was reasonably foreseeable by U-Haul.

117.    In addition, based upon all of the foregoing, U-Haul, in the exercise of reasonable diligence, should have foreseen or anticipated the general manner in which the injury to the Plaintiff was caused by the theft of its vehicle.

118.    However, by failing to prevent the theft of its vehicle, which gave rise to the injury in this matter, U-Haul negligently breached its duty to the general public to provide additional security measures and prevent the use of its vehicles in the commission of crimes and other dangerous activities.

119.    As such, as a direct and proximate result of the failure of U-Haul to properly secure its vehicles and to prevent them from being stolen and used in the commission of crimes, U-Haul

is responsible and liable for the Plaintiff's injuries incurred as a result of the collision with Truax on June 9, 2021.

120.    As a direct and proximate result of the actions of U-Haul, the Plaintiff was severely injured, including but not limited to, a shattered pelvis, fractured ribs, injured spleen, renal hematoma, adrenal hematoma, traumatic brain injury, a dissection and aneurysm of the carotid artery, and, among other things, numerous cuts, bruises and lacerations over her entire body.

121.    All of said injuries are permanent except for those which are superficial in nature.

122.    As a result of her injuries and their effect, the Plaintiff, in order to treat her injuries and to lessen her pain and suffering, has been required to engage the services of hospitals, physicians, therapists, and medical technicians for extensive medical care and treatment, and medication, and may require additional medical care and treatment in the future.

123.    As a result of her injuries and their effect, the Plaintiff has incurred reasonable medical expenses for medical care and treatment and may incur additional medical expenses in the future.

124.    As a result of her injuries and their effect, the Plaintiff has experienced severe mental and emotional distress, and will incur severe mental and emotional distress in the future.

125.    As a result of her injuries and their effect, the Plaintiff, has been forced to restrict her daily activities and travel, has suffered a loss of enjoyment of life, and may incur similar restrictions and damages in the future.

126.    As a result of her injuries and their effect, the Plaintiff has sustained economic injuries and damages, including but not limited to lost wages, a diminished earning capacity, and future lost wages.

WHEREFORE, the Plaintiff, Megan Snead, by counsel, prays for a judgment as to Count VI of her Complaint against the Defendant, AREC RW, LLC doing business as U-Haul Moving and Storage, in an amount commensurate with her injuries and damages, for punitive damages, and for all other just and proper relief in the premises.

## COUNT VII – NEGLIGENCE – MATTHEW WINKLER

Comes now the Plaintiff, Megan Snead, by counsel, and for Count VII of her Complaint for Damages against the Defendant, Matthew Winkler, and alleges and asserts that:

127.    Plaintiff incorporates by reference, as if fully stated herein, paragraphs 1 through 126 of Plaintiff's Complaint.

128.    When Winkler fled from Truax, after Truax attempted to initiate a traffic stop of the stolen vehicle he was driving, he caused a high-speed chase which resulted in Truax colliding with the Plaintiff on June 9, 2021.

129.    The collision was directly and proximately caused by the carelessness and negligence of the Defendant, Winkler, including but not limited to one or more of the following respects:

a.    The Defendant carelessly and negligently proceeded at the wheel of his vehicle;

b.    The Defendant carelessly and negligently failed to keep his vehicle under proper control;

c.    The Defendant carelessly and negligently failed to change, alter or divert the course of his vehicle so as to avoid the collision;

d.    The Defendant carelessly and negligently failed to apply the brakes of his vehicle in time to avoid a collision;

e.    The Defendant carelessly and negligently operated his vehicle at a dangerous and

unreasonable speed under the circumstances; and

f.    The Defendant carelessly and negligently caused law enforcement to engage in a high-speed chase of a stolen vehicle.

130.    As a direct and proximate result of Winkler's negligence, the Plaintiff was severely injured, including but not limited to, a shattered pelvis, fractured ribs, injured spleen, renal hematoma, adrenal hematoma, traumatic brain injury, a dissection and aneurysm of the carotid artery, and, among other things, numerous cuts, bruises and lacerations over her entire body.

131.    All of said injuries are permanent except for those which are superficial in nature.

132.    As a result of her injuries and their effect, the Plaintiff, in order to treat her injuries and to lessen her pain and suffering, has been required to engage the services of hospitals, physicians, therapists, and medical technicians for extensive medical care and treatment, and medication, and may require additional medical care and treatment in the future.

133.    As a result of her injuries and their effect, the Plaintiff has incurred reasonable medical expenses for medical care and treatment and may incur additional medical expenses in the future.

134.    As a result of her injuries and their effect, the Plaintiff has experienced severe mental and emotional distress, and will incur severe mental and emotional distress in the future.

135.    As a result of her injuries and their effect, the Plaintiff, has been forced to restrict her daily activities and travel, has suffered a loss of enjoyment of life, and may incur similar restrictions and damages in the future.

136.    As a result of her injuries and their effect, the Plaintiff has sustained economic injuries and damages, including but not limited to lost wages, a diminished earning capacity, and future lost wages.

WHEREFORE, the Plaintiff, Megan Snead, by counsel, prays for a judgment as to Count VII of her Complaint against the Defendant, Matthew Winkler, in an amount commensurate with her injuries and damages, for punitive damages, and for all other just and proper relief in the premises.

## REQUEST FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

CHRISTIE FARRELL LEE & BELL, P.C.

*/s/Kyle L. Christie*
Kyle L. Christie, #31261-49
Lee C. Christie, #3993-49
CHRISTIE FARRELL LEE & BELL, P.C.
951 North Delaware Street
Indianapolis, Indiana 46202
(317) 488-5500
(317 488-5510 fax
kyle@cflblaw.com
lee@cflblaw.com

HENN HAWORTH CUMMINGS & PAGE

*/s/ David T. Page*
David T. Page, #18820-49
HENN HAWORTH CUMMINGS & PAGE
1634 Smith Valley Rd., Suite B
Greenwood, IN  46142
(317) 885-0041
888-308-6503 fax
david.page@hhcplaw.com